UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**LEE J. STOKES,**

  **Plaintiff,**

v.               Case No. 20-CV-509

**WAUPUN CORRECTIONAL INSTITUTION,**

  **Defendant.**

---

## SCREENING ORDER

---

Plaintiff Lee J. Stokes, a Wisconsin state inmate, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated while he was an inmate at Waupun Correctional Institution. This order resolves Stokes's motion for leave to proceed without prepaying the filing fee and screens his complaint.

The court has jurisdiction to resolve Stokes's motion and to screen the complaint in light of Stokes's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

**1. Motion for Leave to Proceed without Prepaying the Filing Fee**

The Prison Litigation Reform Act (PLRA) applies to this case because Stokes was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows

the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On March 31, 2020, the court ordered Stokes to pay an initial partial filing fee of $24.16. (ECF No. 5.) Stokes paid that fee on April 16, 2020. The court will grant Stokes's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

**2. Screening the Complaint**

*2.1 Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the

2

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*2.2 Stokes's Allegations*

In January 2020 Stokes was taking a shower in the north cell hall at Waupun Correctional Institution when the water got "very very hot" and burned his face and chest. (ECF No. 1 at 2.) He got out quickly and told C.O. Jacob Dorrin what happened. Dorrin told Stokes to go lock in, and Stokes asked if he could see the doctor. Dorrin again instructed Stokes to lock in, so Stokes did. He then looked in the mirror and saw that his face was red and burnt. Stokes asked his cellmate to look at his face, and

his cellmate reported it looked red and that his nose was blistering. Stokes did not have anything to put on his skin that night.

The next day, Stokes asked the C.O. if he could see the doctor. The C.O. asked the sergeant, who told Stokes to "wait for them to call you." (ECF No. 1 at 3.) Stokes saw a nurse two days later, on January 30, 2020, who said he had superficial burns on his nose and face and gave him burn cream to use. He is suing for his pain and suffering.

Stokes also mentions that the institution says he never had burns and never went to the doctor but that he has paper saying something else.

*2.3 Analysis*

Stokes complains about the delay in treatment for his burns. To state a claim under the Eighth Amendment based on medical care or a lack thereof, a plaintiff must allege that prison officials intentionally disregarded a known, objectively serious medical condition that posed an excessive risk to the plaintiff's health. *Perez v. Fenoglio*, 792 F.3d 768, 777 (7th Cir. 2015) (citations omitted). "A delay in treatment may show deliberate indifference if it exacerbated [the plaintiff's] injury or unnecessarily prolonged his pain." *Id.* at 777–78.

Stokes alleges he suffered burns to his face and chest, including blisters on his nose. But Stokes does not allege that the burns were serious or interfered with his activities or sleep. He alleges redness and a little peeling, which suggests the burns were minor. On exam the nurse indicated the burns were superficial and prescribed cream but no pain medication. Stokes does not allege that the cream was insufficient

4

to treat the burns or that pain medication was necessary. To allege a medical condition that is sufficiently objectively serious, it must be more than "the sort[] of ailment[] for which many people who are not in prison do not seek medical attention." *Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996). Without more, the superficial burns Stokes alleges he received from such a brief exposure to hot water cannot be characterized as an "objectively serious medical condition that posed an excessive risk to [his] health."

Stokes's claim also fails because the court cannot reasonably infer that a two-day delay to treat minor burns with ointment constitutes deliberate indifference. There is no allegation that the delay made his injury worse or prolonged his pain. No further care is alleged beyond the one visit with the nurse.

Stokes's complaint does not state a claim and the court will dismiss it.

### 3. Conclusion

**THEREFORE, IT IS ORDERED** that Stokes's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS ALSO ORDERED** that the agency having custody of Stokes shall collect from his institution trust account the **$325.84** balance of the filing fee by collecting monthly payments from Stokes's prison trust account in an amount equal to 20% of

the preceding month's income credited to Stokes's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Stokes is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS ALSO ORDERED** that a copy of this order be sent to the officer in charge of the agency where Stokes is confined.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time,

generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 15th day of December, 2020.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge